IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMBERLY MICHELLE PIERCE, as Personal Representative and next of kin to her father, THOMAS AVERY RAVEN deceased, and as Personal Representative of the Estate of Thomas Avery Raven, | )(<br>)(<br>)(<br>)(<br>)( | |
| | )( | CIVIL ACTION FILE NO.: |
| Plaintiff, | )( | 1:21-CV-01814-MLB |
| | )( | |
| v. | )( | |
| | )( | |
| KIA MOTORS AMERICA, INC.,<br>KIA MOTORS MEXICO, S.A. de C.V.,<br>KIA GEORGIA, INC.,<br>HYUNDAI MOTOR AMERICA, INC.,<br>HYUNDAI MOTOR GROUP,<br>HYUNDAI MOTOR CORPORATION,<br>ZF TRW AUTOMOTIVE HOLDINGS<br>CORPORATION, ZF ACTIVE SAFETY<br>US INC., TAKATA RESTRAINT<br>SYSTEMS, INC., JOYSON SAETY<br>SYSTEMS, KEY SAFETY SYSTEMS,<br>AND ABC, INC., | )(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)( | |
| | )( | |
| Defendants. | )( | |

## ANSWER AND AFFIRMATIVE DEFENSES OF KIA AMERICA, INC. TO PLAINTIFF'S COMPLAINT

COMES NOW **KIA AMERICA, INC**., ("KA") formerly known as, and

identified by Plaintiff as Kia Motors America, Inc., a Defendant in the above styled

1

matter, and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The subject Kia Forte XL was not designed nor manufactured by KA and therefore, Plaintiff may not recover against KM for some of the claims alleged, including any claims for strict liability or negligent design and manufacture.

## THIRD DEFENSE

Any product allegedly sold or distributed by KA was not defective and, therefore, Plaintiff may not recover from KA.

## FOURTH DEFENSE

KA was not negligent in any respect and, therefore, Plaintiff may not recover from KA.

## FIFTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because the products in question were designed and manufactured in a reasonably safe manner in full compliance with all applicable laws, statutes, and regulations.

## SIXTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because the design and manufacture of the subject Kia Forte XL, and its component parts, were scientifically and technically state of the art at the time of their manufacture, and thus were not defective in design.

## SEVENTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because the subject Kia Forte XL in question was not unreasonably dangerous, defective, or unsafe, since the product was designed and manufactured in accordance with the technical knowledge and published scientific literature available at the time of design and manufacture.

## EIGHTH DEFENSE

KA did not breach any warranties related to the Kia Forte XL, to the extent Plaintiff's decedent is entitled to recover under such warranties, and these claims must be dismissed.

## NINTH DEFENSE

Plaintiff may not recover from KA because the subject Kia Forte XL, when sold, was reasonably suited for the use intended.

## TENTH DEFENSE

KA did not owe an ongoing duty to warn of any alleged issues with the subject vehicle, and therefore Plaintiff cannot recover against KA for some of the claims alleged.

## ELEVENTH DEFENSE

KA did not breach any duty to warn, if such duty is found to exist, and the injuries and damages alleged in the Complaint were not proximately caused by any alleged breach of duty to warn.

## TWELFTH ELEVENTH

A duty to recall is not recognized under Georgia law and Plaintiff cannot recover for any such claim against KA.

## THIRTEENTH DEFENSE

The alleged defects to the subject Kia Forte XL are neither the result of any act or omission of KA, nor the result of any defect or breach of duty by KA and, therefore, Plaintiff may not recover damages from KA.

## FOURTEENTH DEFENSE

KA assert the defense of the statute of limitations, as KA was served outside of the applicable two-year period.

## FIFTEENTH DEFENSE

To the extent discovery supports same, KA asserts the defenses of product abuse, product misuse, product modification, and/or spoliation.

## SIXTEENTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because at the time of the alleged injuries, the subject Kia Forte XL may not have been in the same condition as when it left the custody, control, and possession of KA. Any changes, modifications, and/or alterations made before may have caused or contributed to Plaintiff's alleged injuries.

## SEVENTEENTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because before the alleged injuries were suffered, the subject Kia Forte XL may have been improperly maintained, serviced, or repaired by third parties not under the control, direction, or supervision of KA.

## EIGHTEENTH DEFENSE

Plaintiff's damages are not the proximate result of any alleged act, or failure to act, of KA.

## NINETEENTH DEFENSE

Plaintiff's alleged injuries are not the result of any act or omission of KA, nor the result of any defect or breach of a duty of; hence, Plaintiff may not recover damages from KA.

## TWENTIETH DEFENSE

The incident alleged in the Complaint and the injuries alleged to result therefore were solely and proximately caused by the acts or omissions of a person or persons other than KA, and, therefore, there may be no recovery against KA.

## TWENTY-FIRST DEFENSE

The injuries, losses, damages, or occurrences alleged in Plaintiff's Complaint were the result of an independent and intervening cause or causes, over which KA had no control and with which it had no involvement.

## TWENTY-SECOND DEFENSE

The alleged injuries and damages of Plaintiff are due solely to other causes and are not caused by any defect in any vehicle allegedly sold or distributed by KA.

## TWENTY-THIRD DEFENSE

At all times concerning the incident giving rise to this lawsuit, Plaintiff's decedent may not have exercised ordinary care; therefore, Plaintiff is not entitled to recover damages from KA.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of contributory or comparative negligence and/or assumption of the risk.

## TWENTY-FIFTH DEFENSE

Plaintiff's allegations of fraud are not pled with the necessary particularity as required by Fed. R. Civ. Pro. 8(b), and these claims should be dismissed.

## TWENTY-SIXTH DEFENSE

KA made no misrepresentation to Plaintiff or Plaintiff's decedent at any time, and the claims for fraud must fail as a matter of law.

## TWENTY-SEVENTH DEFENSE

Under O.C.G.A. § 51-12-33, KA is not subject to joint and several liability, but is entitled to have any liability for Plaintiff's alleged damages apportioned according to the percentage of fault of each person or entity (party and non-party alike) in causing the alleged damages.

## TWENTY-EIGHTH DEFENSE

Venue is not proper as to KA.

## TWENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages under O.C.G.A. § 51-12-5.1 has no support under the law or facts of this case and therefore should be dismissed.

## THIRTIETH DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of  KA's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under Paragraphs 1 and 2 of Article 1 of the Georgia Constitution because Georgia does not have sufficient procedural safeguards to ensure that the jury's discretion in awarding punitive damages was reasonably constrained. Therefore, any award of punitive damages would be an excessive and arbitrary deprivation of property without due process of law.

## THIRTY-FIRST DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of KA's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under Paragraphs 1 and 2 of Article 1 of the Georgia Constitution because such an award

would be tantamount to a severe criminal penalty. Therefore, any award of punitive damages would violate KA's due process rights under the United States and Georgia Constitutions.

**THIRTY-SECOND DEFENSE**

An award of punitive or exemplary damages in this action would constitute a violation of KA's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under Paragraphs 1 and 2 of Article 1 of the Georgia Constitution because Georgia law did not provide KA with fair notice that their activities might subject them to exemplary damages. Therefore, any award of punitive damages would violate KA's due process rights under the United States and Georgia Constitutions.

**THIRTY-THIRD DEFENSE**

An award of punitive or exemplary damages in this action would constitute a violation of KA's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under Paragraphs 1 and 2 of Article 1 of the Georgia Constitution because KA's actions did not demonstrate the degree of reprehensibility necessary for an award of punitive damages. Therefore, any award of punitive damages would violate KA's due process rights under the United States and Georgia Constitutions.

## THIRTY-FOURTH DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of KA's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under Paragraphs 1 and 2 of Article 1 of the Georgia Constitution because a less drastic remedy could achieve the desired result of future compliance with state law. Therefore, any award of punitive damages would violate KA's due process rights under the United States and Georgia Constitutions.

## THIRTY-FIFTH DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of KA's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under Paragraphs 1 and 2 of Article 1 of the Georgia Constitution because KA's actions were not adjudged illegal in Georgia before this action was filed. Therefore, any award of punitive damages would violate KA's due process rights under the United States and Georgia Constitutions.

## THIRTY-SIXTH DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of KA's right to due process of law under the Due Process clauses of the

Fifth and Fourteenth Amendments to the United States Constitution and under Paragraphs 1 and 2 of Article 1 of the Georgia Constitution because there is no evidence that anyone will be threatened with any additional potential harm by KA's actions.

## THIRTY-SEVENTH DEFENSE

To the extent applicable, KA asserts all affirmative defenses listed in Fed. R. Civ. Pro. 8(c).

## THIRTY-EIGHTH DEFENSE

KA reserves the right to amend, add to, or supplement its defenses as discovery may reveal additional defenses.

## THIRTY-NINTH DEFENSE

KA responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## ALLEGATIONS IN CLAIMS

KA denies any allegations in the paragraph under the heading "Claims" on page 2 of Plaintiff's Complaint which are directed towards it, and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph under the heading "Claims" on page 2 of Plaintiff's Complaint and same is therefore denied.

## ALLEGATIONS IN INTRODUCTION

KA denies any allegations in the paragraph under the heading "Introduction" on pages 2 – 4 of Plaintiff's Complaint which are directed towards it, and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph under the heading "Introduction" on pages 2 – 4 of Plaintiff's Complaint and same is therefore denied.

## ALLEGATIONS OF FACTS

### 1.

KA denies the last sentence of Paragraph 1 of Plaintiff's Complaint, expressly denying it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of Plaintiff's Complaint and same is therefore denied.

### 2.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in allegations in Paragraph 2 of Plaintiff's Complaint and same is therefore denied.

## 3.

KA denies the subject Kia Forte XL was defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of Plaintiff's Complaint and same is therefore denied.

## 4.

KA admits Plaintiff attached what appears to be a copy of an article from Car and Driver titled "Kia Recalls 295,000 Cars in U.S. for Engine-Compartment Fire risk" as Exhibit 7 to her Complaint. The majority of Paragraph 4 of Plaintiff's Complaint are excerpts taken from a Car and Driver internet article and the citations to the article do not relate to the subject vehicle or any allegations made in this Complaint. This allegation is subject to being stricken pursuant to Fed. R. Civ. Pro. 12(f). To the extent a response is required, KA admits certain vehicles were recalled pursuant to NHTSA Recall 20V-750 as more fully described in the Safety Recall Report. KA denies Plaintiff's vehicle was subject to NHTSA Recall 20V-750, denies the subject vehicle was defective and denies it is liable to Plaintiff under any theory. KA denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5.

KA denies the subject Kia Forte XL was defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiff's Complaint and same is therefore denied.

6.

KA denies the allegations in Paragraph 6 of Plaintiff's Complaint directed towards it. KA admits Kia Motors Mexico manufactured the subject vehicle and that the subject Kia Forte XL was manufactured in Mexico. KA denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint and denies it is liable to Plaintiff under any theory.

7.

KA denies as stated any allegations directed towards it. KA denies the remaining allegations of Plaintiff's Complaint which relate to Kia vehicles, expressly denying it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of Plaintiff's Complaint and same is therefore denied.

## ALLEGATIONS OF TOLLING AND STATUTE OF LIMITATIONS

KA denies any allegations in the paragraph under the heading "Tolling and Statute of Limitations" on page 8 of Plaintiff's Complaint which are directed towards it, denies Plaintiff is entitled to toll the applicable statute of limitations and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph under the heading "Tolling and Statute of Limitations" on page 8 and same is therefore denied.

## ALLEGATIONS OF PARTIES

8.

### PERSONAL REPRESENTATIVE OF THE DECEDENT

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in allegations in Paragraph 8 of Plaintiff's Complaint and same is therefore denied. KA denies it is liable to Plaintiff under any theory.

## THE DECEDENT

9.

KA denies all allegations in Paragraph 9 of Plaintiff's Complaint directed towards it. KA further denies the subject vehicle was defective, denies the subject vehicle caused or significantly contributed to the death of Plaintiff's decedent and

denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiff's Complaint and same is therefore denied.

## THE DEFENDANTS

10.

KA admits that Kia America, Inc. is a foreign profit corporation existing under the laws of the state of California with its principal place of business at 111 Peters Canyon Road, Irvine, California 92606. KA admits Kia America, Inc. may be served through its registered agent, The Corporation Company (FL), 106 Colony Park Drive, Ste. 800-B, Cumming, Forsyth County, Georgia 30040. KA further admits it is formerly known as Kia Motors America, Inc. KA denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint and same is therefore denied.

12.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint and same is therefore denied.

13.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint and same is therefore denied.

14.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint and same is therefore denied.

15.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and same is therefore denied.

16.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint and same is therefore denied.

17.

KA denies the subject vehicle, or any of its component parts, were defective, and denies the last two sentences in Paragraph 17 of Plaintiff's Complaint, expressly denying it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of Plaintiff's Complaint and same is therefore denied.

18.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint and same is therefore denied.

19.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint and same is therefore denied.

20.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint and same is therefore denied.

21.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and same is therefore denied.

## ALLEGATIONS OF THE NATURE OF THE ACTION

22.

KA denies the subject vehicle, or any of its component parts, were defective, and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of Plaintiff's Complaint and same is therefore denied.

23.

KA denies the subject vehicle, or any of its component parts, were defective, and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of Plaintiff's Complaint and same is therefore denied.

24.

KA denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of Plaintiff's Complaint and same is therefore denied.

25.

The majority of the allegations in Paragraph 25 of Plaintiff's Complaint are excerpts taken from what appears to be an internet article and the citations to the article do not relate to the subject vehicle or any allegations made in this Complaint. This allegation is subject to being stricken pursuant to Fed. R. Civ. Pro. 12(f). To the extent a response is required, KA admits only that it was a party to a Consent Order with NHTSA in November 2020, and that the Consent Order speaks for itself. KA denies the remaining allegations in Paragraph 25 of Plaintiff's Complaint directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective, and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of Plaintiff's Complaint and same is therefore denied.

26.

The allegations contained in Paragraph 26 of Plaintiff's Complaint do not relate to the subject vehicle and have no relationship to this lawsuit. These allegations are subject to being stricken pursuant to Fed. R. Civ. Pro. 12(f). To the extent a response is required, KA admits only that it was involved in a class action lawsuit that was settled. KA denies the remaining allegations in Paragraph 26 of

Plaintiff's Complaint directed towards it, denies the subject vehicle, or any of its component parts, was defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of Plaintiff's Complaint and same is therefore denied.

## ALLEGATIONS OF JURISDICTION AND VENUE

### 27.

KA admits it is subject to the jurisdiction of this Court and that it is diverse from Plaintiff. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of Plaintiff's Complaint and same is therefore denied.

### 28.

Paragraph 28 of Plaintiff's Complaint is denied.

## ALLEGATIONS OF BACKGROUND

### 29.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-28 of Plaintiff's Complaint.

30.

KA denies all allegations in Paragraph 30 of Plaintiff's Complaint, and subparts (a) – (d) which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective, and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of Plaintiff's Complaint and same is therefore denied.

**COUNT ONE**
**ALLEGATIONS OF NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL AND WANTON CONDUCT: DESIGN DEFECT AS TO DEFENDANTS**

31.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-30 of Plaintiff's Complaint.

32.

KA admits only that it has a role in the marketing and distribution of Kia brand vehicles in the United States. KA denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint directed towards it and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of Plaintiff's Complaint and same is therefore denied.

33.

Paragraph 33 of Plaintiff's Complaint is denied.

## COUNT TWO
## ALLEGATIONS OF NEGLIGENCE, GROSS NEGLIGENCE, WILLFUL AND WANTON CONDUCT: MANUFACTURING DEFECT AS TO DEFENDANTS

34.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-33 of Plaintiff's Complaint.

35.

KA admits only that it has a role in the marketing and distribution of Kia brand vehicles in the United States. KA denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint directed towards it and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of Plaintiff's Complaint and same is therefore denied.

36.

KA denies the allegations in Paragraph 36 of Plaintiff's Complaint directed towards it. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of Plaintiff's Complaint, directed towards other defendants, and same is therefore denied.

37.

Paragraph 37 of Plaintiff's Complaint is denied.

38.

KA denies the allegations in Paragraph 38 of Plaintiff's Complaint directed towards it, including all subparts (a) – (i). KA denies the subject vehicle, or any component part, were defective. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of Plaintiff's Complaint and same is therefore denied.

39.

Paragraph 39 of Plaintiff's Complaint is denied.

## COUNT THREE
## ALLEGATIONS OF STRICT LIABILITY IN TORT NEGLIGENCE
## O.C.G.A. § 51-11-11.1

40.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-39 of Plaintiff's Complaint.

41.

Paragraph 41 of Plaintiff's Complaint is denied.

42.

KA denies the allegations in Paragraph 42 of Plaintiff's Complaint directed towards it. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of Plaintiff's Complaint and same is therefore denied.

43.

Paragraph 43 of Plaintiff's Complaint is denied.

44.

KA denies the allegations in Paragraph 44 of Plaintiff's Complaint directed towards it. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of Plaintiff's Complaint and same is therefore denied.

45.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiff's Complaint and same is therefore denied. KA denies it is liable to Plaintiff under any theory.

46.

Paragraph 46 of Plaintiff's Complaint is denied.

47.

KA denies all allegations in Paragraph 47 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of Plaintiff's Complaint and same is therefore denied.

48.

KA denies all allegations in Paragraph 48 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of Plaintiff's Complaint and same is therefore denied.

49.

KA denies all allegations in Paragraph 49 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 49 of Plaintiff's Complaint and same is therefore denied.

50.

KA denies all allegations in Paragraph 50 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of Plaintiff's Complaint and same is therefore denied.

51.

Paragraph 51 of Plaintiff's Complaint is denied.

52.

Paragraph 52 of Plaintiff's Complaint is denied.

## COUNT FOUR
## ALLEGATIONS OF FAILURE TO WARN AS TO DEFENDANTS

53.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-52 of Plaintiff's Complaint.

54.

KA admits it owed a limited duty to warn as provided by Georgia law. KA denies the remaining allegations in Paragraph 54 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of Plaintiff's Complaint and same is therefore denied.

55.

KA denies all allegations in Paragraph 55 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of Plaintiff's Complaint and same is therefore denied.

56.

KA denies all allegations in Paragraph 56 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of Plaintiff's Complaint and same is therefore denied.

57.

KA denies all allegations in Paragraph 57 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of Plaintiff's Complaint and same is therefore denied.

58.

KA denies all allegations in Paragraph 58 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of Plaintiff's Complaint and same is therefore denied.

59.

Paragraph 59 of Plaintiff's Complaint is denied.

60.

Paragraph 60 of Plaintiff's Complaint is denied.

## COUNT FIVE
## ALLEGATIONS OF BREACH OF IMPLIED WARRANTIES AS TO DEFENDANTS

61.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-61 of Plaintiff's Complaint.

62.

KA denies all allegations in Paragraph 62 of Plaintiff's Complaint which are directed towards it. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of Plaintiff's Complaint and same is therefore denied.

63.

KA denies all allegations in Paragraph 63 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of Plaintiff's Complaint and same is therefore denied.

64.

KA denies all allegations in Paragraph 64 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of Plaintiff's Complaint and same is therefore denied.

65.

Paragraph 65 of Plaintiff's Complaint is denied.

66.

Paragraph 66 of Plaintiff's Complaint is denied.

67.

KA denies all allegations in Paragraph 67 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of Plaintiff's Complaint and same is therefore denied.

68.

Paragraph 68 of Plaintiff's Complaint is denied.

69.

Paragraph 69 of Plaintiff's Complaint is denied.

## COUNT SIX
## ALLEGATIONS OF STRICT LIABILITY/DUTY TO WARN/FAILURE TO INSPECT

70.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-69 of Plaintiff's Complaint.

71.

KA denies all allegations in Paragraph 71 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 of Plaintiff's Complaint and same is therefore denied.

72.

Paragraph 72 of Plaintiff's Complaint is denied.

73.

KA admits only that it has a role in the marketing and distribution of Kia brand vehicles in the United States. KA denies the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of Plaintiff's Complaint and same is therefore denied.

74.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of Plaintiff's Complaint and same is therefore denied. KA denies it is liable to Plaintiff under any theory.

75.

Paragraph 75 of Plaintiff's Complaint is denied.

76.

KA admits it owed a limited duty to warn as provided by Georgia law. KA denies the remaining allegations in Paragraph 76 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any

theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of Plaintiff's Complaint and same is therefore denied.

77.

Paragraph 77 of Plaintiff's Complaint is denied as stated.

78.

Paragraph 78 of Plaintiff's Complaint is denied.

79.

Paragraph 79 of Plaintiff's Complaint is denied.

## COUNT SEVEN
## ALLEGATIONS OF ABC DEFENDANT LIABILITY

80.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-79 of Plaintiff's Complaint.

81.

KA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of Plaintiff's Complaint and same is therefore denied. KA denies it is liable to Plaintiff under any theory.

## COUNT EIGHT
## ALLEGATIONS OF DAMAGES

### 82.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-81 of Plaintiff's Complaint.

### 83.

Paragraph 83 of Plaintiff's Complaint is denied.

## COUNT NINE
## ALLEGATIONS OF FRAUDULENT CONCEALMENT

### 84.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-83 of Plaintiff's Complaint.

### 85.

KA denies the allegations in Paragraph 85 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA further denies the applicable statute of limitations has been tolled for any reason. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 of Plaintiff's Complaint and same is therefore denied.

86.

KA denies the allegations in Paragraph 86 of Plaintiff's Complaint regarding Kia vehicles. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of Plaintiff's Complaint and same is therefore denied.

87.

KA denies as stated the allegations in Paragraph 87 of Plaintiff's Complaint regarding Kia vehicles. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of Plaintiff's Complaint and same is therefore denied.

88.

KA denies the allegations in Paragraph 88 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 88 of Plaintiff's Complaint and same is therefore denied.

## COUNT TEN
## ALLEGATIONS OF PUNITIVE DAMAGES

### 89.

KA re-alleges and incorporates by reference as if fully set forth herein, its affirmative defenses and responses to Paragraphs 1-88 of Plaintiff's Complaint.

### 90.

KA denies the allegations in Paragraph 90 of Plaintiff's Complaint which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective, denies Plaintiff is entitled to recover punitive damages against it and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 of Plaintiff's Complaint and same is therefore denied.

### 91.

The majority of Paragraph 91 of Plaintiff's Complaint are excerpts taken from what appears to be an Associated Press article and the citations to the article do not relate to the subject vehicle or any allegations made in this Complaint. This allegation is subject to being stricken pursuant to Fed. R. Civ. Pro. 12(f). To the

extent a response is required, KA denies all allegations in Paragraph 91 which are directed towards it. KA further denies the subject vehicle, or any of its component parts, were defective, denies Plaintiff is entitled to recover punitive damages against it and denies it is liable to Plaintiff under any theory. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of Plaintiff's Complaint and same is therefore denied.

Any allegations in Plaintiff's Complaint not specifically responded to by KA, including the Wherefore Paragraph and all subparts, are hereby denied. KA further denies Plaintiff is entitled to recover from KA in any sum or manner whatsoever.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Kia America, Inc., formerly known as Kia Motors America, Inc., hereby requests that:

(a) It be discharged without liability to Plaintiff;

(b) It have a trial by a jury of twelve (12) persons as to all issues properly triable by a jury;

(c) Costs be assessed against Plaintiff; and

(d) It have such other relief as the Court deems just and proper.

This 25th day of May, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Myrece R. Johnson*

_____
C. Bradford Marsh
Georgia Bar No. 471280
Myrece R. Johnson
Georgia Bar No. 940301
 *Attorneys for Defendant Kia America, Inc.,*
*formerly known as Kia Motors America, Inc.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## **7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), ND Ga.

This 25th day of May, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Myrece R. Johnson*

_____

C. Bradford Marsh
Georgia Bar No. 471280
Myrece R. Johnson
Georgia Bar No. 940301
*Attorneys for Defendant Kia America, Inc.,*
*formerly known as Kia Motors America, Inc.*

The Peachtree, Suite 300
1355 Peachtree St. N.E.
Atlanta, Georgia 30309
Telephone: (404) 888-6151
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## CERTIFICATE OF SERVICE

I certify that on this day I served a copy of **DEFENDANT KIA AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties via the Court's electronic filing system and via email as follows:

> Rita T. Williams
> Ledia L. Regis
> 220 Church Street
> Decatur, GA 30030
> rtwilliams@williamsandassoc.com
> lregis@williamsandassoc.com

This 25th day of May, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Myrece R. Johnson*

_____
C. Bradford Marsh
Georgia Bar No. 471280
Myrece R. Johnson
Georgia Bar No. 940301
*Attorneys for Defendant Kia America, Inc.,*
*formerly known as Kia Motors America, Inc.*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com
4832-6362-0843, v. 1